IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:14cr44 (DJN)

DILADE McCOY,
Petitioner.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on July 20, 2020, the Court denied a motion to vacate under 28 U.S.C. § 2255 filed by Dilade McCoy. (ECF Nos. 155-56.) By Memorandum Opinion and Order entered on February 1, 2022, the Court denied a successive and unauthorized § 2255 motion from McCoy. (ECF Nos. 194-95.) On May 16, 2022, McCoy filed a Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b). ("Rule 60(b) Motion," ECF No. 199.) As discussed below, the Rule 60(b) Motion will be DENIED WITHOUT PREJUDICE.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)," *id.* (citing *Werner*, 731 F.2d at 207), which are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an

adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds much be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted) (internal quotation marks omitted). Here, McCoy merely states that the Court's February 1, 2022 Memorandum Opinion and Order should be reviewed "under one of the six (6) prongs" of Rule 60(b), because the Court lacked jurisdiction to enter that order. (ECF No. 199 at 4.) McCoy fails to identify why he meets the threshold requirements of Rule 60(b) or pursuant to what specific section of Rule 60(b) that he brings his motion for reconsideration. Accordingly, the Rule 60(b) Motion (ECF No. 199) will be DENIED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.[1] The action will be DISMISSED.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to McCoy.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: July 27, 2022

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). McCoy has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.